UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GERSTER'S TRIPLE E TOWING & REPAIR, INC.,

Plaintiff,

-against- 3:15-cv-0673 (LEK/DEP)

PISHON TRUCKING, LLC, *et al.*,

Defendants.

**DECISION and ORDER**

Plaintiff Gerster's Triple E Towing & Repair, Inc. ("Plaintiff") commenced the present action in New York Supreme Court, Delaware County, against Defendants Pishon Trucking, LLC and Biniam Ghebreselassie (collectively "Defendants") to recover $55,946.78 for towing, storage, and disposal of a vehicle owned and operated by Defendants. Dkt. No. 1-1 ("Complaint"). On September 7, 2014, Defendants removed the case to the Northern District of Texas. Dkt. No. 1 ("Notice of Removal"). The Northern District of Texas transferred the case to the Northern District of New York on May 27, 2015. Dkt. No. 29. Presently before the Court are Defendants' Motion to dismiss and Plaintiff's Motion to remand to state court. Dkt. Nos. 5 ("Motion to Dismiss"); 7 ("Motion to Remand").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Cincinnati Ins. Co. v. Excelsior Ins. Co., No. 14-cv-1481, 2015 WL 93654, at *4 (N.D.N.Y. Jan. 6, 2015) (Kahn, J.) (remanding case where complete diversity was not satisfied); Cowan v. Windeyer, 795 F. Supp. 535, 537 (N.D.N.Y. 1992) (remanding case involving easement conflict after finding that amount in

controversy was not satisfied). The argument that a federal court lacks subject-matter jurisdiction may be raised at any stage in litigation, even after trial and the entry of judgment. Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). Plaintiff, in its Motion to remand, alleges that subject matter jurisdiction does not exist. Mot. Remand at 3. In order for diversity jurisdiction to exist, the amount in controversy must be more than $75,000. 28 U.S.C. § 1332(a). The amount in controversy requirement is satisfied if, "[o]n the face of the pleadings, [the plaintiff is] entitled to invoke the jurisdiction of the federal court." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 296 (1938). The face of the Complaint in this action does not allege damages in an amount in excess of $75,000, thus failing to meet the amount in controversy requirement. Compl. ¶¶ 8, 12, 17. Since no federal cause of action is pleaded, the Court does not have subject matter jurisdiction over this action and will remand it to state court. Since the Court does not have jurisdiction over this matter, it does not rule on Defendants' Motion to dismiss.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 7) to remand is **GRANTED**; and it is further

**ORDERED**, that the action is **REMANDED** to New York Supreme Court, Delaware County; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 5) to dismiss is **DISMISSED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: June 02, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge